USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-15-06

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

ARISTA RECORDS LLC, ATLANTIC RECORDING
CORPORATION, CAPITOL RECORDS, INC.,
ELEKTRA ENTERTAINMENT GROUP INC.,
SONY BMG MUSIC ENTERTAINMENT, and
UMG RECORDINGS, INC.,

    Plaintiffs,

v.

METAMACHINE, INC., SAM YAGAN,
and JED MCCALEB,

    Defendants.

Civil Action No.:
06-CV-6991 (KMK)

STIPULATION AND
[PROPOSED] CONSENT
JUDGMENT

---

Defendants MetaMachine, Inc., Sam Yagan, and Jed McCaleb (collectively, the "Defendants"), and Plaintiffs, by and through their undersigned counsel, hereby stipulate to the entry of Judgment and a Permanent Injunction according to the following terms. For purposes of this Stipulation, and the Judgment and Permanent Injunction, the term "eDonkey System and Software" means the software distributed under the names "eDonkey," "eDonkey 2000," "Overnet," and "dserver" (the "eDonkey Software"), the peer-to-peer technologies developed and distributed by the Defendants and known as "Overnet," "eDonkey," and "eDonkey 2000," and the computer servers operating in conjunction with the eDonkey software, including the servers operating the "eDonkey2000.com, "eDonkey.com," and "overnet.com" websites, to allow users of the eDonkey Software to connect to and use computer networks to reproduce and distribute digital files using the peer-to-peer technologies developed and distributed by the Defendants.

    1.    Defendants acknowledge that they have been properly and validly served with the Summons and Complaint in this action.

1

2. Judgment shall be entered against the Defendants and in favor of Plaintiffs in the above-captioned case.

3. The Defendants, and each of them jointly and severally, shall be ordered to pay thirty million dollars ($30,000,000) in damages to Plaintiffs.

4. Defendants, their respective agents, servants, employees, representatives, parents, subsidiaries, affiliates, shareholders, officers, principals, successors, assigns, licensees, transferees (including but not limited to any purchasers, assigns, licensees, or transferees of any software or file-trading technology owned or controlled by the Defendants), and all those acting in concert with them, at their direction or within their control:

   a) shall be permanently enjoined and restrained from directly, indirectly, contributorily, or vicariously infringing in any manner any copyright in any and all sound recordings and other copyrighted works (or portions thereof), whether now in existence or later created, in which any Plaintiff (including its parents, subsidiaries, affiliates, or distributed labels) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106) or protected by state or common law (the "Copyrighted Works"), including but not limited to by engaging in any of the following:

      1) copying, reproducing, downloading, distributing (which hereinafter shall include, without limitation, making a work available for distribution by placing the work in a computer file or folder that is accessible by others for downloading), uploading, linking to, transmitting, publicly performing, or otherwise exploiting any of the Copyrighted Works; and

2

2) directly or indirectly enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing any person or entity ("User"), via the eDonkey System and Software or any other peer-to-peer or file-trading network, or other network, service, or medium that Defendants have any involvement with or interest in whatsoever, (A) to copy, reproduce, download, distribute, upload, link to, transmit, or publicly perform any of the Copyrighted Works, or (B) to make any of the Copyrighted Works available for copying, reproduction, downloading, distributing, uploading, linking to, transmitting, or public performance;

b) shall be permanently enjoined and restrained from directly or indirectly operating, or assisting in or supporting the operation of, any computer server or website, or distributing any software, in any way related to the eDonkey System and Software, or any other peer-to-peer or file-trading network, or other network, service, or medium that enables, facilitates, permits, assists, solicits, encourages, or induces the copying, reproduction, downloading, distributing, uploading, linking to, transmitting, public performance, or other exploitation of any of the Copyrighted Works;

c) shall disable and prevent Users of any website, server, hardware, software, or any other system or service owned, controlled, operated, or distributed by the Defendants, presently or in the future, including without limitation the eDonkey System and Software, from copying, downloading, distributing, uploading, linking to, transmitting, or publicly performing any Copyrighted Work;

d) shall affirmatively monitor and patrol for, and preclude access to, the Copyrighted Works on, over, through, or via the eDonkey System and

3

Software, including without limitation by employing technological tools and measures to carry out such obligations; and

c) shall be permanently enjoined and restrained from directly or indirectly releasing publicly, distributing, transferring, or giving away, for consideration or otherwise, any software, source code, object code, other technology, domain names, trademarks, brands, assets, or goodwill in any way related to the eDonkey System and Software, including but not limited to by posting such materials on an Internet web page or by offering such materials over any peer-to-peer or file-trading network, or other network, service, or medium, except in compliance with paragraph 6 below.

5. This injunction shall not apply to any uses of the Copyrighted Works for which a Defendant has obtained a written license from the appropriate United States record company that owns or controls the rights to such work, to the extent the license remains in force and valid.

6. If the Defendants sell, lease, convey, transfer, or assign all or any significant part of the business, equity, operations, or assets of MetaMachine, Inc., or the eDonkey System and Software (collectively, a "Transfer"), they will require, as a condition of any such transaction, that each purchaser, lessee, or other transferee or assignee (collectively, a "Transferee") (a) submit to this Court's jurisdiction and venue and fully waive and relinquish any argument that venue or jurisdiction by this Court is improper or inconvenient, (b) agree to be bound by the injunctive terms herein, and (c) apply to the Court for an order adding them as a party to the permanent injunction entered by the Court against the Defendants. The Defendants shall not permit any Transfer to close unless and until the Court has entered such an order as to the Transferee.

4

7. The Defendants irrevocably and fully waive notice of entry of the Judgment and Permanent Injunction, and notice and service of the entered Judgment and Permanent Injunction, and understand and agree that violation of the Judgment and Permanent Injunction will expose the Defendants to all penalties provided by law, including for contempt of Court.

8. The Defendants agree forthwith to give notice of this Judgment and Permanent Injunction to each of their officers, directors, agents, servants, employees, assigns, partners, owners, alter egos, affiliates, all entities through which they conduct business, representatives, successors, licensees, and all those acting in concert or participation with each or any of them.

9. The Defendants consent to continuing jurisdiction of the Court for purposes of enforcement of the Judgment and Permanent Injunction, and irrevocably and fully waive and relinquish any argument that venue or jurisdiction by this Court is improper or inconvenient.

10. The Defendants irrevocably and fully waive any and all right to appeal the Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

11. Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiffs to recover damages for any and all infringements by the Defendants of Plaintiffs' Copyrighted Works occurring after the date Defendants execute this Stipulation and [Proposed] Judgment and Permanent Injunction.

12. The Defendants acknowledge that they have read this Stipulation and [Proposed] Judgment and Permanent Injunction and have had it explained by counsel of their

choosing, and fully understand it and agree to be bound thereby, and will not deny the truth or accuracy of any term or provision herein.

13. Plaintiffs shall not be required to post any bond or security, and the Defendants permanently, irrevocably, and fully waive any right to request a bond or any other security.

14. The undersigned counsel represent that they have been authorized to execute this Stipulation and [Proposed] Judgment and Permanent Injunction on behalf of their respective clients.

15. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing the final Judgment and Permanent Injunction.

DATED: September 11, 2006

_____
Steven B. Fabrizio (SF-8639)
JENNER & BLOCK LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005-3823
(202) 639-6000

*On Behalf of Plaintiffs*

_____
Charles S. Baker
PORTER & HEDGES LLP
1000 Main Street
36th Floor
Houston, TX 77002
(713) 226-6676

*On Behalf of Defendants*

choosing, and fully understand it and agree to be bound thereby, and will not deny the truth or accuracy of any term or provision herein.

13. Plaintiffs shall not be required to post any bond or security, and the Defendants permanently, irrevocably, and fully waive any right to request a bond or any other security.

14. The undersigned counsel represent that they have been authorized to execute this Stipulation and [Proposed] Judgment and Permanent Injunction on behalf of their respective clients. 

15. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing the final Judgment and Permanent Injunction.

DATED: September 11, 2006

_____  
Steven B. Fabrizio (SF-8639)  
JENNER & BLOCK LLP  
601 Thirteenth Street, NW  
Suite 1200 South  
Washington, DC 20005-3823  
(202) 639-6000  

*On Behalf of Plaintiffs*

_____  
Charles S. Baker  
PORTER & HEDGES LLP  
1000 Main Street  
36th Floor  
Houston, TX 77002  
(713) 226-6676  

*On Behalf of Defendants*

## JUDGMENT AND PERMANENT INJUNCTION

Having duly considered the Stipulation of the Parties, and the proceedings in this Action, the Court orders that the Judgment and Permanent Injunction above shall be entered as the final judgment of this Court.

SO ORDERED, this 13th day of September, 2006.

United States District Judge

**THIS DOCUMENT WAS ENTERED ON THE DOCKET ON** _____